IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

HOWARD JONES                                                                               PLAINTIFF

v.                                         Civil No. 12-6014

DREAM REDIC YOUNG                                                                    DEFENDANT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Howard Jones, an inmate of the Tucker Unit of the Arkansas Department of Correction, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff was granted leave to proceed *in forma pauperis* (IFP)(ECF No. 6). Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Robert T. Dawson, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation. Currently before me for consideration is Defendant's motion (ECF No. 11) asking the Court to revoke Plaintiff's IFP status.

### I. Discussion

As part of the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321, signed into law on April 26, 1996, section 1915, which governs proceedings filed IFP, was amended in an effort to address concerns about, and reduce the number of, frivolous prisoner initiated lawsuits. 28 U.S.C. § 1915. Prior to the PLRA's amendments to § 1915, a prisoner who attained *in forma pauperis* status was exempted from paying court fees. After the enactment of the PLRA, prisoners granted IFP status are required to pay the full filing fee but in installments. 28 U.S.C. § 1915(b).

The PLRA also added subsection 1915(g) which limits the ability of a prisoner, who has filed at least three claims that have been dismissed as frivolous, malicious, or failing to state a claim, to obtain IFP status. Specifically, § 1915(g) provides that:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought

>an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  This provision has commonly become known as the "three strikes rule" or the "three strikes provision" and has withstood constitutional challenges.  *See e.g., Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999).

In her motion, Defendant maintains that Plaintiff has at least three previous actions, in the Eastern District of Arkansas, that qualify as strikes against him under section 1915(g).  *See e.g., Jones v. Reed*, Civil No. 5:02CVOO275 (E.D. Ark. )(dismissed for failure to state a claim 10/30/2002); *Jones v. Waddle, et al.,* Civil No. 5:02CV00384 (E.D. Ark.)(dismissed for failure to state a claim on 12/23/2002); *Jones v Huckabee, et al.,* Civil No. 4:99CV00797 (E.D. Ark.)(dismissed for failure to state a claim on 2/28/2000).  Defendant is correct.

I must now turn to the question of whether Plaintiff is under imminent danger of serious physical injury.  In the complaint, Plaintiff alleges that in July of 2011 Defendant refused to allow him to wear his Air Jordan tennis shoes despite the existence of restrictions calling for him to wear prescribed footwear.  Instead, Plaintiff states he was required to buy shoes from the commissary that caused pain and swelling.  Plaintiff alleges he was seen by Dr. David Ware who examined him and issued a "medical script for (1) one year to wear tennis shoes."  Despite the prescription, Plaintiff alleges Defendant refused to let him wear his Air Jordan's.

Attached to the complaint is a copy of ruling on a grievance Plaintiff filed about Defendant's conduct.  Wendy Kelley, Chief Deputy Director, first noted that Plaintiff was no longer at the Ouachita River Unit and therefore no longer under Defendant's care.  Second, it was noted that Plaintiff's "Air Jordan's were not medically prescribed, so the script for tennis shoes was not related to those shoes.  A medical script does not authorize [the Plaintiff] to wear any shoes other than those issued by the

medical department." ECF No. 2 at pg. 6. Clearly, Plaintiff has not alleged any facts to indicate that he is under imminent danger of serious physical injury. *Cf. Ashley v. Dilworth,* 147 F.3d 715, 717 (8th Cir. 1998) (finding allegations of ongoing danger sufficient where prisoner specified two incidents where he had suffered harm and allegations were supported by documentary evidence, including corroborative prisoner disciplinary reports). Therefore, Plaintiff is not eligible for IFP status.

## II. Conclusion

Accordingly, I recommend that Defendant's motion to revoke Plaintiff's IFP status (ECF No. 11) be granted. Plaintiff's IFP status should be revoked pursuant to section 1915(g) and this action be dismissed without prejudice to Plaintiff's right to re-open it with payment of the full $ 350 filing fee. *See Witzke v. Hiller,* 966 F. Supp. 538, 540 (E.D. Mich. 1997) (revoking IFP status under section 1915(g) and dismissing action without prejudice to inmate's right to re-file it upon payment of filing fee). Plaintiff should be instructed to file a motion to reopen the action upon payment to the United States District Clerk of the proper filing fee. It should be noted that, in the event that Plaintiff tenders the filing fee, he will also be responsible for other costs associated with this action, such as costs of service and fees for the issuance of any requested subpoenas.

**The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

Dated this 29th day of November 2012.

      /s/ Barry A. Bryant
      HON. BARRY A. BRYANT
      UNITED STATES MAGISTRATE JUDGE